I-Iobnbloweb, C. J. and Fokd, White, and Nevius,
Justices concurred.

Writ quashed.

*25 Note. In the preceding case of The State v. Kennedy, Mr. Justice Ford is erroneously stated to have concurred; he dissented from the opinion delivered as that of the Court. Mr. Justice White, has furnished the Reporter with the following opinion.
White, J.
A Certiorari issued out of this Court, directed to the court of Common Pleas of Warren, to send up the proceedings had before them, in a road case. This writ was tested in September term, 1839, returnable to November, 1839.
The vacation between September and November terms, is the shortest vacation we have in the Supreme Court; and in that vacation, there is no term of the court of Common Pleas, held in the county of Warren. The writ was therefore not presented, nor could it be, until the December term, 1839. It was then presented, and was returned to the February term, 1840. A rule was then taken on the party who prosecuted the writ, to show cause why the writ and return should not be set aside.
If the return of the road in this case, was confirmed by the Pleas at the August term of that court, it became necessary for the party, in order to stay the opening of the road, to apply for the writ of Certiorari at this bar, in the term of September; and according to the uniform practice of this court, it was necessary that the writ tested in September, should be made returnable in November following. It is a general principle that a writ has life from its test until the day it is returnable; when it ceases to have life or to operate unless some action has been taken on it, during the period between the test and return. The writ in this case, then, after the return day in November, was a dead letter, and no command therein could be enforced, because if not presented to the court before the return day, in became impossible for them to obey its mandate.
In 4 Cranoh, 180, Chief Justice Marshall said, that if a writ of error is served when it is not in force, (that is after the return day,) the service would be void; but if served whilst in force, the return after, would be good.
But can a return to a void writ, or a writ dead in law, be made or required ? I think not; but a writ about to expire, may perhaps be resuscitated by the power which created it; as in the *26 case reported in 2 Green, 576, of Kirby and Coles. There as in this case, the writ could not be presented to the Orphans’ Court, because not in.session during its life; but as the February term, 1835, intervened, to which it was returnable, and before it was entirely dead, this court granted a rule which revived the writ, and going to the inferior tribunal with the writ, directed them, in what way they could still comply with what the old writ required. So in this case, if at the November term, a rule had been applied for, no doubt this writ might have been, and would have been kept alive, or had life enough remaining at the commencement of the term, to have been revived by amending or altering the return; or by granting a rule on the court below, to make return at a subsequent day.
It may be said, that the writ is returned and the parties are before the court, but the return without a writ, or order of court, cannot be received or acted upon by this court, and the party defendant in Certiorari, is only here to ask the writ and return to be quashed, which I think we must do, having no power now, to resuscitate the writ or legalize the return.
I see no good reason why in all cases where the court to which a writ of Certiorari or error is directed, will not be in session so that a writ can be presented to them, the writ may not be made returnable to the second term after its test.
In the case in 3 Ball. 37; a writ of error was quashed by the Supreme Court of the United States, because a term intervened between the test and return day: but in another case, reported in 7 Oranoh, 277, the same court refused to quash or dismiss a writ of error, tested in February, 1810, returnable to February term, 1811; the term of August 1810 intervening.
In the last case there was an appearance and perhaps that cured the irregularity.

Writ quashed.

Cited in State v. Comm’rs of New Brunswick, 8 Vr. 395, 396.
ANONYMOUS.
On attachment.
On motion of H. W. Green, the court ordered a horse and carriage attached as property of the defendant, to be sold by the auditors, being perishable property.